The opinion of the Court was delivered by
Wardlaw, Ch.
I always regret to be the organ of this Court in affirming my own decrees on circuit. But from the large number of appeals from my judgments, I am obliged in the regular rotation of labor among the members of the Court to perform frequently this disagreeable duty. ' — "
On the points argued before me on circuit, my opinions were carefully and fully expressed; and I do not find on reflection that I can add much which is profitable.
,On some matters brought into discussion by the appeal, some remarks may be suitably made. It is urged earnestly that the deed of gift in controversy in this case is a marriage settlement, requiring by our statutes to be registered. Undoubtedly, every gift by a parent to his son or daughter, after marriage, partakes to some extent of the nature of a marriage settlement, as intended to provide for the sustentation of the child and any issue of the marriage. It is not suggested that such a gift in strictness of definition is a marriage settlement, for such settlement always proceeds on the consideration of marriage. But it is argued that the leading case of Price vs. White, Bail. Eq. 244, Carolina L. J. 297, followed by many subsequent cases, decided that a voluntary conveyance by a husband of his property to his wife and children was a marriage settlement, needing registration, and that every conveyance having substantially the same purposes should be put in the same category. If the doctrine of Price vs. White were considered open to discussion, opposite views might be reasonably entertained; but treating that doctrine as settled, certainly no case in this State has intimated that a gift to wife and *374 children by other person than a husband was to be regarded as a marriage settlement. Indeed, in cases of post-nuptial settlement by a husband, on some new consideration proceeding from the wife, such as the renunciation of her inheritance, the Court has distinctly refused to apply the doctrine of Price vs. White; Banks vs. Brown, 2 Hill Ch. 558; Sibley vs. Full, McMull. Eq. 320; Napier vs. Wightman, Speer. Eq. 367. But it is a mere abuse of terms to call a donation by a father for the benefit of the family of his son or daughter, or by any third person, a marriage settlement. If a judge should j> give his law library to his son after marriage, with limitation over to his grand-son, who happened to be a practicing lawyer, would that be a marriage settlement? If a fond father should give to his daughter, Fanny, after her marriage, a gold goblet, inscribed with that name, with remainder to his granddaughter of the same name, would that be a marriage settlement? ' But really the Court cannot in proper respect for itself renew the discussion of settled points, however earnest and able may be the expression of dissatisfaction by counsel. It is quite clear from the cases cited supra, and in the circuit decree, that this Court never treated a post-nuptial gift, except by the husband of his own property,as a marriage settlement; and that on the contrary gifts by third persons, although in sustentation of the family, were uniformly considered not to be marriage settlements. Banks vs. Brown. This point is assumed, if not decided, in the cases of Lark vs. Cunningham, Henson vs. Kinard, Richmond vs. Youngue, Baskins vs. Giles, Rice, 315; LePrince vs. Guillemont, 1 Rich. Eq. 157, and other cases. ^
In the same connexion, it is strongly insisted that the deed in question was an underhand arrangement, in fraud of the marital rights of the principal defendant, and void because not communicated to him.
Peculiar opinions on the part of parties, or their advisers, cannot justify Courts in departing from the ordinary course of judgment. It is within the knowledge of members of the *375 Court that some of the most learned lawyers and most honorable men in the State have pursued precisely the course of the plaintiff here; and we think it would startle the common sentiment of the people of the State, to announce from the seat of judgment that it was a fraudulent concealment in a father to settle property on his daughter without, conferring with his son-in-law. On this point, however, we are content with the reasoning of the circuit decree.
Again, it is urged that the limitation over in this case is void as in restraint of the subsequent marriage of the principal defendant. Without entering into doubtful disputations, it may be conceded that where a life estate, or greater interest, is granted to one, to be defeated on a condition subsequent if he marry, that the condition is void and the estate'unaffected by the condition. But here no estate whatever is conferred on Mr. Calhoun. An option or privilege of retaining the custody and enjoyment of the slaves while he remained widower of his wife, Margaret, is bestowed on him, but no defeasible estate for life, or otherwise, is bestowed. But if such estate" be conceded to be given to him, it is by express limitation to him while he remains single, and not on a condition to be void if he marry again. His second marriage is mentioned only to describe the time and event on which the property was to go over, and not to prescribe a condition defeating a larger estate previously given to him. I have not leisure to indulge in disquisitions about the nice distinctions between limitations and conditions, and content myself with referring to note 4 in Rop. on Leg. 797; Story E. J. sec. 396.
It is admitted that the limitation over is not void for remoteness, as it depends on the second marriage of one then in life; hut it is argued that on the interpretation given in the circuit decree to the word “heirs,” children might exclude grand-children, or remoter descendants of a decedent child of donor. It may be that the words of the decree, used in application to the actual state of things where all the children are surviving, are somewhat loose; but it was not intended to *376 intimate that children would exclude others who might be heirs apparent under our statute of distributions. It is not a case where a contest arises between children and other descendants, by reason of the use of the word children, as in Ruff vs. Rutherford, Bail. Eq. 1; for the word describing the limitees over is “ heirs,” large enough in meaning to include all heirs apparent under our statutes of distributions. In strictness, the term heirs is inappropriáte to personality, and must from necessity be interpreted in a secondary sene. In this case, when the donor refers manifestly to his daughter, Margaret, as one of his heirs, and then speaks of the remainder of his heirs on her death, his meaning is transparent. I add to the authorities in the decree on the interpretation of the word heirs: 6 Cruise, Dig. 184; Bowen vs. Porter, 4 Pick. 208; Sims vs. Garnett, 1 Dev. & Bat. Eq. 394.
It is ordered and decreed that the circuit decree be affirmed and the appealed be dismissed. 1
Johnston and Dunkin, CC., concurred.

Jlppeal dismissed.